UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex. rel. BRIAN ARYAI, <br><br> Plaintiff/Relator, <br><br> against. <br><br> SKANSKA, TURNER CONSTRUCTION COMPANY, TISHMAN CONSTRUCTION CORPORATION, PLAZA CONSTRUCTION CORPORATION, BOVIS LEND LEASE, LBM, INC., TISHMAN/WASHINGTON GROUP, TISHMAN/HARRIS, CM CONSORTIUM, PHOENIX CONSTRUCTORS, SLATTERY SKANSKA/ EDWARDS & KELSEY DESIGN-BUILD, AND ABC CORPS., INC. 1-100, <br><br> Defendant. | FILED UNDER SEAL <br><br><br> QUI TAM COMPLAINT AND JURY DEMAND |

Plaintiff United States of America by and through their relator Brian Aryai, by way of Complaint against Defendants Skanska, Turner Construction Company, Tishman Construction Corporation, Plaza Construction Corporation, Bovis Lend Lease, LBM, Inc., Tishman/Washington Group, Tishman/Harris, CM Consortium, Phoenix Constructors, Slattery Skanska/Edwards & Kelsey Design-Guild, and ABC Corps., Inc., 1-100 (hereinafter "Defendant"), states:

INTRODUCTION

1.  This is an action to recover damages, civil penalties, other statutory relief on behalf of the United States of America pursuant to the qui tam provisions of the Federal False Claims Act, 31 U.S.C. §3729 et. seq.

1

## JURISDICTION AND VENUE

2. This action arises under the False Claims Act, 31 U.S.C. §3729 et. seq. This court has subject matter jurisdiction over this action pursuant to 31 U.S.C. §3732(a) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 31 U.S.C. §3732(a) because the acts proscribed by 31 U.S.C. §3729 et. seq. occurred in this District, and defendants have transacted business in this District.

## PARTIES

4. Plaintiff/Relator, Brian Aryai ("Aryai") is a resident of Alberton, New York and a former senior vice president of finance of a major international construction firm conducting business in the New York Metropolitan area. Aryai is a certified public accountant, certified fraud examiner, and a retired senior special agent of the United States Treasury Department, who is skilled in conducting forensic analysis and fraud investigation.

5. Defendant Turner Construction Company ("Turner") is a corporation with an office located at 666 Third Avenue, New York, New York and is engaged, inter alia, in the business of construction management and general construction. Turner is one of the leading general builders in the United States has been the general contractor and/or construction manager on a number

of federally funded projects, in whole or in part, in the New York Metropolitan area, including the Atlantic Avenue MTA Station Rehabilitation Project (Brooklyn).

6. Defendant Skanska is a multinational construction company with headquarters located in Sweden and an office located at 136 Madison Avenue, New York, New York. Skanska is the sixth largest construction company operating in the United States and Skanska has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York Metropolitan area including the World Trade Center Transportation Hub.

7. Defendant Plaza Construction Corporation is a corporation with an office located at 260 Madison Avenue, New York, New York and is engaged <u>inter alia</u> in the business of construction management and general construction. Plaza is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York Metropolitan areas.

8. Defendant Tishman Construction Company ("Tishman") is a corporation with its headquarters located at 102 N. End Avenue, New York, New York and is engaged <u>inter alia</u>, in the business of construction management and general construction. Tishman is one of the leading general builders in the United

3

States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York Metropolitan area including One World Trade Center, East River Science Project, and Grand Avenue Bus Depot and Maintenance Project.

9. Defendant Bovis Lend Lease, LMB, Inc. ("BLL") is a corporation with offices located at 200 Park Avenue, New York, New York, and is engaged inter alia in the business of construction management and general construction. BLL is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York metropolitan area, including World Trade Center Memorial and 130 Liberty Street.

10. Defendant Tishman/Washington Group is a joint venture comprised of Tishman Construction Corporation and the Washington Group. Tishman/Washington Group was the construction manager of the Grand Avenue Bus Depot Project.

11. Defendant Tishman/Harris is a joint venture comprised of Tishman and Frederick R. Harris. Tishman/Harris was the general contractor on the Whitehall Ferry project.

12. Defendant CM Consortium is a joint venture comprised of Tishman, Parson Corporation, and ARUP. CM Consortium is the

4

construction manager on the Trans-Hudson Express Tunnel project which is currently under development.

13. Defendant Phoenix Construction is a joint venture of Skanska, Fluor Enterprises, Inc., Granite Construction Corporation, and BLL. Phoenix is the construction manager/general contractor on the WTC Transportation Hub project.

14. Defendant Skanska/Edwards & Kelsey Design-Build ("Skanska/Edwards") a joint venture comprised of Slattery Corporation, Skanska USA Civil, Inc., and Edwards & Kelsey. Slattery Skanska/Edwards is the construction manager on the Arch Street Yard and Shop Project.

15. Defendants ABC Corporations 1-100 are companies engaged in the business of construction management and/or general construction and who knowingly submitted fraudulent payroll amounts to a governmental entity for payment.

## ALLEGATIONS

16. Defendants are major construction companies who dominate the multi-billion dollar construction market in the New York Metropolitan area. On virtually all major construction projects funded by state, municipal, or federal monies, union labor is a requirement of the contract.

17. The unions supply the labor for the projects in issue and union payroll records are routinely submitted to the

5

defendants for payment. After receiving the payroll records, the defendants then submit certified payroll records for payment by the government entity.

18. For decades, there has existed in the construction industry in New York metropolitan area, the practice of billing for work not performed by the union members. Among other variations on this theme, union foremen routinely submitted two (2) hours per day of overtime as part of their remuneration, despite the fact that the individuals did not work the overtime hours. This long-standing and widespread practice was well known to the defendants, and they accepted these fraudulent time records from the union and then incorporated those fraudulent time records into certified payroll reports forming the basis of payment on the project. This practice has long been referred to as "gratis pay" and the defendants have paid for these "ghost hours" and then recouped these monies from the federal funds.

19. In the course of his employment at BLL, relator Aryai performed a thorough investigation of these fraudulent union payroll practices and confirmed that these practices were being undertaken by the defendants in connection with construction projects in the New York metropolitan area.

20. Numerous company executives at BLL admitted to relator Aryai that the gratis pay practice was a longstanding industry wide practice and that BLL and the other defendants routinely

6

submitted payment requisitions on publicly-funded projects which containing fraudulent payroll records. Several of these BLL employees had previously been employed with other defendants and had knowledge that those other defendants were engaged in this industry wide practice.

21. During the course of each project, defendants systematically submitted false and fraudulent payment requisitions that contained fraudulent and inflated payroll records by including gratis pay, and ghost hours for union workers. Pursuant to the contracts applicable to each project, defendants submitted those fraudulent certified payroll records on a regular and periodic basis knowing that the governmental entity relies upon those certified payroll records to issue payment on the projects.

22. The fraudulent certified payroll records were known to the defendants to be false and inaccurate and were submitted to the governmental entity with the intent to obtain payment based upon the false and inaccurate union payroll.

23. Plaintiff/Relator has voluntarily provided information to the federal, state and/or local government prior to filing this action.

## COUNT I

### VIOLATIONS OF THE FALSE CLAIMS ACT

1. Each of the foregoing allegations is realleged and incorporated hereby.

2. As described in this Qui Tam Complaint, defendants by and through their officers, agents, and employees: (i) knowingly presented, or caused to be presented, to the United States Government, false or fraudulent claims for payment or approval; and (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

3. The United States Government and the public have been damaged as a result of defendants violations of the False Claims Act.

## COUNT II

1. The allegations contained above are realleged and incorporated by reference as if fully set forth herein.

2. The ABC Defendants are other construction and/or construction management companies which performed work on federally funded projects in the New York Metropolitan Area, and who submitted payment requisitions or documents which contained gratis pay, ghost hours, or other false and inaccurate certified payrolls.


3. The ABC Defendants knowingly and intentionally made or caused to be made false statements and false claims in numerous payment requisitions to the United States Government, in violation of the Federal False Claims Act, 31 U.S.C. §3729 et. seq.

## COUNT III

### CLAIM FOR INJUNCTIVE RELIEF

1. The allegations contained above are realleged and incorporated by reference as if fully set forth herein.

2. Defendants should be enjoined from submitting false records, false statements and false certifications, which include "gratis pay," "ghost hours," or any other manner, artifice or scheme to provide union workers and/or foremen with compensation for hours not worked.

WHEREFORE, Relator Brian Aryai on behalf of the United States Government, prays:

(i)   That this Court enter a judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained as a result of Defendant's violations of the False Claims Act;

(ii)  That this Court enter a judgment against Defendants for a civil penalty of a $10,000.00 for each of Defendant's violations of the False Claims Act;

(iii)   That Relator Brian Aryai recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to ~~this action;~~

(iv)    That Relator Brian Aryai be awarded all reasonable attorneys' fees in bringing this action;

(v)     That in the event the United States Government proceeds with this action, Relator Brian Aryai be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of the action;

(vi)    That in the event the United States Government does not proceed with this action, Relator Brian Aryai be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of the action;

(vii)   That Relator Brian Aryai be awarded prejudgment interest;

(viii)  That Relator Brian Aryai and the United States of America receive all relief to which either or both may be entitled at law or in equity;

(ix)    That defendants be enjoined and restrained from submitting false records, false statements and false certifications, which include "gratis pay," "ghost

hours," or any other manner, artifice or scheme to provide union workers and/or foremen with compensation for hours not worked.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

                                      NAGEL RICE, LLP
                                      230 PARK AVENUE
                                      NEW YORK, NY 10169
                                      212-551-1465
                                          - AND -
                                      NAGEL RICE, LLP
                                      103 EISENHOWER PARKWAY
                                      ROSELAND, NJ  07068
                                      973-618-0400
                                      dsammons@nagelrice.com
                                      bnagel@nagelrice.com

Dated: June 12, 2009          By: _____
                                          DIANE E. SAMMONS (DES-9029)

11