

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

www.pecklaw.com

70 Grand Avenue
River Edge, NJ 07661
tel 201.343.3434
fax 201.343.6306

New York, NY
Los Angeles, CA
Oakland, CA
Washington, D.C.
Miami, FL
Chicago, IL
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX
Devon, PA

International
Alliances

Beijing
Bogota
Buenos Aires
Guatemala City
Lima
London
Managua
Mexico City
Montevideo
Panama City
San Jose
Santiago
Sao Paulo

Patrick J. Greene, Jr.  Direct Dial: 201-441-4985
*Partner*                *E-Mail Address: pgreene@pecklaw.com*

**_VIA ECF_**

March 21, 2018

Honorable Lorna G. Schofield
U.S. District Court for the
Southern District of New York
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, NY 10007

RE:  United States of America et al. ex rel., Brian Aryai v. Skanska, et al.
     Docket No.  1:09 – cv – 05456-LGS
     Our File No.  226/385470; 203/385510

Dear Judge Schofield:

Pursuant to Your Honor's Scheduling Order entered February 21, 2018, the Turner Construction Company and the defendant identified only as "Skanska" hereby provide this pre-motion letter with respect to the defendants' motions to dismiss the Amended Complaint in the above referenced matter.

### I. The Amended Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to all Defendants

The Amended Complaint is based upon the False Claims Act, 31 U.S.C. § 3729 *et seq.* (hereinafter "FCA"). The essence of the relators' allegations is stated in Paragraph 26 of the Amended Complaint:

> For decades there has existed in the construction industry in New York Metropolitan area, the practice of billing for work not performed by the union members. Among other variations on this theme, union foreman routinely submitted two (2) hours per day of overtime as part of their remuneration, despite the fact that the individuals did not work the overtime hours. This longstanding and widespread practice was well known to Defendants, and they



# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Honorable Lorna G. Schofield
March 21, 2018
Page 2

> knowingly accepted these fraudulent time records from the union and then incorporated those fraudulent time records into certified payroll reports forming the basis of payment on the project. This practice has long been referred to as "gratis pay" and Defendants have paid for these "ghost hours" and then recouped these monies from the federal and state funds.

The Amended Complaint lacks any significant definition beyond this generalized assertion. Importantly, there is no attempt to identify specific individuals (such as by name or work period) who supposedly worked less hours than reported, what actual reports were falsified (such as by date and job), which pay requests were supported by such allegedly falsified payroll reports and which of such payment applications were actually paid. Additionally, there is no description of the purpose of the payroll reports and their relationship to the payment application process; in other words, there is no allegation as to how such payroll records were material to any payment decision. Nor is there any competent allegation that any of the defendants knew or would have known of such materiality.

The extremely general allegations of the Amended Complaint are insufficient to state a cause of action and the Amended Complaint should be dismissed.

In order to survive a motion to dismiss under *Rule 12(b)(6)*, "[a] complaint must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (internal quotation marks omitted). This standard is not met by "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *United States v. N. Adult Daily Health Care Ctr.*, 205 F. Supp. 3d 276, 285 (E.D.N.Y. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)) (internal quotation marks omitted)

Since the Amended Complaint relates to alleged false claims, it must also meet the higher pleading standards of *Rule 9(b)* of the *FRCP* requiring that the elements of the cause of action be plead with particularity: "It is self-evident that the FCA is an anti-fraud statute" and "claims brought under the FCA fall within the express scope of *Rule 9(b)*." *Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1476-77 (2d Cir. 1995). *Rule 9(b)* states that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *See, also, United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016). "That ordinarily requires a complaint alleging fraud to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (citations and internal quotation marks omitted). As one court observed, the appropriate details should include the dates of the claims, the content of the forms submitted, their identification numbers, the amount of money charged to the government, the particular services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices. *United States ex rel. Polansky v. Pfizer, Inc.*, No. 04-cv-0704, 2009 U.S. Dist. LEXIS 43438, at *8 -

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

Honorable Lorna G. Schofield
March 21, 2018
Page 3

11 (E.D.N.Y. May 22, 2009) (*citing United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 232-33 (1st Cir. 2004).

Additionally, the United States Supreme Court has recently held that relators must "plead their claims with plausibility and particularity under *Federal Rules of Civil Procedure 8* and *9(b)* by, for instance, pleading facts to support allegations of materiality." *Universal Health Servs, Inc. v. U.S. ex rel. Escobar,* 579 U.S. --, 136 S.Ct. 1989, 1996, 195 L.Ed.2d 348; 35 S.Ct. at 2004 n.6. (2016).

The relators' Amended Complaint does not meet the *Twombly* and *Iqbal* standard and certainly does not meet the heightened pleading standard of *Rule 9(b)*. The Amended Complaint consists of conclusory allegations and legal conclusions lacking any specificity that would allow the court to evaluate potential of liability. A glaring example of insufficient pleading is the complete absence of evidence based contentions that tie the relators' signature allegation – the submission of inaccurate payrolls – to any other facts that support the proposition that such submission related, in any way, to a claim for payment submitted to the government.

The relators' allegations with respect to knowledge of falsity and materiality, which were central elements of the Supreme Court's decision in *Universal Health*, are similarly lacking. The only allegations of the Amended Complaint that could be taken to be related to these elements appear in paragraph 33 in which the relator alleges certain conversations with some of the defendants. This paragraph does not identify the persons spoken to or their positions within their respective organizations. They are certainly not sufficiently specific to support an inference that such organizations were knowingly submitting false claims or making false statements that were known by the organizations to be material to the governments' payment decisions.

## II.     Additional Arguments as to Turner Construction Company

Turner Construction Company ("Turner") has been the subject of intense scrutiny in the nearly nine years since the filing of the relators' original complaint. It has not signed a deferred prosecution agreement or otherwise admitted any wrongdoing. The extremely limited allegations of the Amended Complaint pertaining to knowledge of falsity or materiality do not mention Turner. In short, the allegations of the Amended Complaint are even more deficient when considered as to Turner.

The only specific allegations as to Turner in the Amended Complaint appear in Paragraph 13, in which it is alleged that Turner is engaged in the business of "construction management and general construction" and that it has been a "construction manager and/or general contractor on a number of federally funded projects" - only one of which is mentioned: the "Atlantic Avenue MTA Station Rehabilitation Project (Brooklyn)."

It is not alleged that Turner submitted false claims with respect to the specifically mentioned project – nor are there any factually based allegations that Turner submitted payroll records on that project,

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

Honorable Lorna G. Schofield
March 21, 2018
Page 4

that any such payroll records were false or that they were knowingly material to the payment of a "claim."

It is important to recognize that Turner is not alleged to have contracted with the Federal Government, but only to have contracted on a "federally funded" contract. Thus, Turner would not have submitted claims or made any statements to the United States directly. Rather Turner would have submitted its own payment requests to an entity that received funds from the United States. Such funds may already have been allocated or paid to the entity such that the amount of funds spent by the United States bore no relationship to the amounts requested or the documents submitted by Turner in which case any action of Turner could not have been material to any payment decision by the United States – and could not support False Claims Act liability.

The US Supreme Court dealt with the dilemma of indirect submission of a claim in *Allison Engine Co. v. United States ex rel. Sanders,* 553 U.S. 662 (2008) in which the Court held that in order to trigger False Claims Act liability the government (or relator) must prove that the claimant "submitted a false statement to the [funds recipient] intending for the statement to be used by the [funds recipient] to get the Government to pay its claim. If a subcontractor or another defendant makes a false statement to a private entity and does not intend the Government to rely on that false statement as a condition of payment, the statement is not made with the purpose of inducing payment of a false claim "by the Government." *Id. at* 671-672.[1] The relators do not make any assertions that would lead to a plausible conclusion that Turner submitted false claims or statements with the *intention* that the United States rely on such claims or statements in paying a claim.

Turner is also entitled to a dismissal of the Amended Complaint based on *Rule 4(m)* of the *FRCP*. Turner was first served with a Summons on March 14, 2018. This was more than six months after this court ordered that the complaint be unsealed and more than six weeks after the extended deadline for service of January 31, 2018 established by this court's decision of December 14, 2017 (Docket entry #44). There is no good cause for this failure of timely service.

### III.   Additional Arguments as to the Defendant Identified as "Skanska"

Skanska is identified in Paragraph 14 of the Amended Complaint as "a multinational construction company with headquarters in Sweden" that is the "sixth largest construction company operating in the United States" and has been a "construction manager and/or general contractor on a number of "federally funded projects," only one of which is mentioned, the "World Trade Center Transportation Hub." No such entity exists. The only other allegation specific to Skanska appears in paragraph 33 of the Amended Complaint which mentions a conversation with an unidentified person at "Skanska."

---

[1] While the False Claims Act was amended to overrule *Allison Engine* effective in 2010, the version of the FCA that was in effect at the time of the conduct complained of applies. *See, U.S. ex rel. Osmose, Inc. v. Chemical Specialties, Inc.,* 994 F. Supp. 2d 353 (W.D.N.Y. 2014).

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

Honorable Lorna G. Schofield
March 21, 2018
Page 5

Similar to Turner, Skanska has not signed any deferred prosecution agreement or other admission of wrongdoing and is only alleged to have been involved in federally funded projects. Therefore, Skanska joins in all arguments set forth in Sections I and II above. The Amended Complaint does not adequately plead a False Claims Act violation. Moreover, Skanska submitted no claims directly to the government. Skanska adds, of course, that the failure to name an actual entity precludes any further proceeding. The Amended Complaint should not be permitted to proceed as against Skanska.

Skanska is also entitled to a dismissal of the Amended Complaint based on *Rule 4(m)* of the *FRCP*. Skanska was first served with a Summons on March 14, 2018 - more than six months after this court ordered that the complaint be unsealed and more than six weeks after the extended deadline for service. There is no good cause for this failure of timely service.

It is noted that the entities identified in paragraphs 21 and 22 of the Amended Complaint have not been served. Any defenses of those entities should be considered at the appropriate time, if any, when they are served.

### III.   Relator Should Not be Permitted to File A Second Amended Complaint

Relator has already amended the complaint once and made no attempt to correct the obvious deficiencies, including naming a non-entity ("Skanska") as a defendant, and failing to particularize its claims. It is submitted that the court should deny any further amendment because of undue delay and futility of the proposed amendment. *See, Foman v. Davis*, 371 U.S. 178 (1962). Since the relator has not alleged any actual false claims or false statements, any amendments would relate to matters which are now time-barred and for which the doctrine of relation back is unavailable. *See, United States v. Baylor Univ. Med. Ctr.*, 469 F.3d 263, 270 (2d Cir. 2006); *United States ex rel. Miller v. Bill Harbert International Constr., Inc.*, 608 F3d 871 (D.C. Cir. 2010).

### IV. Conclusion

Based upon all of the foregoing, the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

*/s/ Patrick J. Greene, Jr.*

PATRICK J. GREENE, JR.
PJG:ac
cc: All Counsel (via ecf)
3922055_1