March 21, 2018

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *United States of America ex rel. Brian Aryai v. Skanska et al.,*
             09 Civ. 5456 (S.D.N.Y.)

Dear Judge Schofield:

      In accordance with Your Honor's Individual Rules and Procedures for Civil Cases, III.C.2, and as instructed by Your Honor at the initial pretrial conference on February 21, 2018, Defendants Plaza Construction Corporation ("Plaza") and Tishman Construction Corporation ("Tishman") hereby submit this joint pre-motion letter setting forth the bases for their anticipated motions to dismiss the Amended Complaint ("AC") and setting forth the bases on which they would oppose a motion for summary judgment by Relator Brian Aryai ("Relator").

I.     <u>Introduction</u>

      Relator filed his original Complaint in 2009. *See* Dkt. 39. That Complaint alleged that, while an employee of Bovis Lend Lease LMB, Inc. ("BLL"), Relator observed billing practices by BLL that violated the False Claims Act ("FCA"). Relator also alleged, with no supporting detail, that a number of other construction firms (including Plaza and Tishman) also violated the FCA, even though Relator was never employed by Tishman or Plaza and had no direct or personal knowledge of their practices or clientele.

      In 2013, the Government intervened in Relator's suit against BLL; that case was settled for over $1.6 million, and Relator received a share of over $300,000. *See* Dkt. 12, 13. In 2017, the Government <u>declined</u> to intervene as to all other defendants. *See* Dkt. 38. In January 2018, Relator amended his Complaint. *See* Dkt. 53. The AC simply restates Relator's allegations against BLL, but remains devoid of any particularized factual allegations regarding any allegedly improper conduct by any of the other Defendants—it does not even identify the purported federal agencies and funding implicated. This falls woefully short of satisfying the strictures of Rule 9(b). Relator seeks to salvage his pleading by attempting to rely on publicly-disclosed Deferred Prosecution Agreements ("DPAs") entered into by Plaza and Tishman following investigations by the United States Attorney's Office for the Eastern District of New York. The FCA bars Relator from relying on these publicly-filed DPAs. In any event, the DPAs were premised on separate charges of conspiracy to commit mail and wire fraud regarding public and private clientele. They have no bearing on the central element of an FCA violation: the submission of false claims to the federal government.

On these and additional grounds, Plaza and Tishman intend to move to dismiss the AC. For similar reasons, Relator's proffered motion for summary judgment would be both premature and without merit, as set forth below.[1]

II.     Motion to Dismiss

   A.   Rule 9(b)

Rule 9(b) requires claims of fraud, including those under the FCA, to be pled with particularity. *United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017). In the FCA context, that means Relator must plead with particularity both (1) an underlying fraudulent scheme that renders a claim false, and (2) the submission of specific false claims to the federal government. *Id.* at 81, 83.[2] Relator has done neither.

*First*, Relator is required to plead the "who, what, where, when, and how" of the alleged underlying fraudulent scheme. *See United States ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y. 2014); *see also United States ex rel. Ladas v. Exelis*, 824 F.3d 16, 26-27 (2d Cir. 2016) (requiring complaint to set forth "particularized allegations of fact" and not "conclusory statements" or "hypotheses").

The AC does not come close to this showing with respect to Plaza and Tishman. It contains no details of the alleged practices, the specific individuals involved or the reports falsified. As in *United States ex rel. Tessler v. City of New York*, No. 17-cv-178, 2017 WL 4457141, *2 (2d Cir. Oct. 5, 2017) (summary order), the AC only generally alleges a fraudulent "custom and practice" and fails to "set forth the origin or details of the custom and practice or identify the employees who purportedly implement[ed] it." In *Tessler*, the Second Circuit further noted that the complaint was insufficient because the relator "lacked personal knowledge" regarding the defendant's allegedly fraudulently acts. *Id*. The same is true here. In fact, Relator's allegations of personal involvement with Plaza and Tishman appear <u>in a single three-sentence paragraph</u>:

> Shortly prior to his termination, Plaintiff/Relator called executives for several of Defendants, including but not limited to Plaza Construction, Tishman Construction and Skanska. On these telephone calls, Plaintiff/Relator's counterparts verbally confirmed their respective companies' past, current and future involvement and participation in the gratis pay practice. Two of the executives

---

[1]    Plaza and Tishman reserve the right to raise additional grounds in support of dismissal and in opposition to a motion for summary judgment at the appropriate time.

[2]    The particularity requirement ordinarily obligates a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Fabula*, 865 F.3d at 81, 83.

>       from Plaza and Tishman both warned Plaintiff/Relator to avoid
>       asking questions about the practice.

AC ¶ 33.  The AC "fail[s] to provide the who, what, when, where, and how of these . . . conversations."  *United States ex rel. Tessler v. City of New York*, No. 14-cv-6455, 2016 WL 7335654, *3 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted).  When they occurred, with whom, what was said, how they establish the elements of the alleged scheme—no such detail is provided.

*Second*, in the absence of specific examples of false claims, Relator must at least plead "plausible and particularized" allegations that "creat[e] a strong inference that <u>specific false claims were submitted</u> to the government."  *Fabula*, 865 F.3d at 85-86 (emphasis added).  In *Fabula*, the requisite strong inference was created based on extensive detail regarding a fraudulent scheme to falsify ambulance reports, combined with plausible and particularized allegations that the scheme was specifically designed to obtain unlawful Medicare and Medicaid reimbursement and details about the billing schemes.

The AC does not create a similar inference.  The AC generally asserts that certain projects managed by Defendants were federally funded.  AC ¶¶ 15-16.  However, the AC does not identify a single federally funded project by Plaza, *id*. ¶ 15, and for the federally funded projects identified by Relator as to Tishman, the AC does not specifically connect those particular projects to the alleged fraudulent practices.  *Id.* ¶ 16.  Moreover, the AC says nothing about which federal agency provided the funding, what "claims" were made to the federal government, when or by whom those claims were made, what projects those claims were for, and whether the federal government actually made any payments.

Similarly, the AC vaguely alleges that Defendants submitted "certified payroll records on a regular and periodic basis to federal, state and/or municipal entities," AC ¶ 29, but does not describe these records in any meaningful detail.  Nor does it explain how it is even relevant, let alone sufficient, if Defendants submitted false records to state or municipal entities in this <u>federal</u> FCA lawsuit.  *See United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 (5th Cir. 2008) (rejecting as insufficient under Rule 9(b) complaint that did not describe what role the document at issue "played in securing funding from the federal government").[3]

The failure of the AC to allege any details regarding the underlying scheme or the submission of false claims also means that the AC fails adequately to allege materiality and scienter.  In the FCA context, materiality turns on the "likely or actual behavior of the recipient of the alleged misrepresentation."  *Universal Health Servs., Inc. v. United States ex rel. Escobar*,

---

[3]    *See United States ex rel. Corp. Compliance Assocs. v. N.Y. Soc'y for the Relief of the Ruptured & Crippled*, No. 07-cv-292, 2014 WL 3905742, *13 (S.D.N.Y. Aug. 7, 2014) ("[W]e cannot make assumptions about a False Claims Act defendant's submission of actual claims to the [federal] [g]overnment without stripping all meaning from Rule 9(b)'s requirement of specificity or ignoring that the 'true essence of the fraud' of a False Claims Act action involves an actual claim for payment and not just a preparatory scheme.") (quoting *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1312 n.21 (11th Cir. 2002)).

136 S. Ct. 1989, 2002-03 (2016) (internal quotation marks omitted). Further, "[o]nly persons who knowingly submit or cause the submission of a false or fraudulent claim can be held liable for violating the FCA." *United States ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 195 (S.D.N.Y. 2016). The defendant must also know that the alleged scheme is material to the government's payment decision. *See Escobar*, 136 S. Ct. at 1996; *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008) (where defendant is a corporate entity, plaintiff must plead that "someone whose intent could be imputed to the corporation acted with the requisite scienter"). Without any details about the claims process or any knowledge of falsity by any specific Tishman or Plaza employees, the AC does not come close to meeting either of the "rigorous" scienter and materiality requirements. *Escobar*, 136 S. Ct. at 2002.[4]

Finally, the DPAs attached to the AC do not alter the analysis. That Plaza and Tishman accepted and acknowledged certain facts in DPAs does not obviate Relator's need to comply with Rule 9(b), particularly since the DPAs do not supply the necessary detail about the fraudulent scheme alleged by Relator. Indeed, the substantive offenses at issue in the DPAs—conspiracy to commit mail fraud and wire fraud—do not require a specific, knowing submission of a materially false claim to the federal government. *See United States v. Valle*, 807 F.3d 508, 532 (2d Cir. 2015); *United States v. Pierce*, 224 F.3d 158, 166 (2d Cir. 2000); *see also United States ex rel. Lissack v. Sakura Global Capital Mkts., Inc.*, 377 F.3d 145, 154 n.9 (2d Cir. 2004) (FCA "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for payment") (internal quotation marks omitted). That, of course, is the prerequisite for a FCA claim—but what Relator fails to plead and the DPAs fail to establish.

B. Public Disclosure Bar

The AC's failure to comply with Rule 9(b) is sufficient to dispose of the AC. However, the AC is deficient for the further reason that, by relying on the publicly-filed DPAs, it runs afoul of the public disclosure bar. Under the version of the statute applicable to this case, this Court does not have jurisdiction over an action "based upon the public disclosure of allegations or transactions in a criminal . . . hearing." 31 U.S.C. § 3730(e)(4) (2009). The DPAs plainly qualify as public disclosures under the statute. *See United States ex rel. Kreindler & Kreindler v. United. Tech. Corp.*, 985 F.2d 1148, 1158 (2d Cir. 1993).

Relator may use this information only if he is an "original source." An "original source" must allege, among other things, "direct and independent" knowledge of the information on which the allegations are based. *Id.*; 31 U.S.C. § 3730(e)(4) (2009). Relator cannot carry this burden. His alleged knowledge regarding the Defendants' practices derived exclusively from vague purported conversations with executives for certain Defendants while he was an employee with BLL. AC ¶ 33. By definition, such knowledge is not "direct." *See Kreindler & Kreindler*,

---

[4]  In particular, the AC does not even allege specific facts indicating whether the claims were purportedly submitted to the federal government by Defendants directly, or whether Defendants submitted payroll records to developers or other entities that in turn had received federal funding.

985 F.2d at 1159 (information not direct when source was defendant). Moreover, Relator cannot piggyback off the Department of Justice's investigation and findings after providing vague information regarding Defendants' alleged misconduct. *See United States v. N.Y. Med. College*, 252 F.3d 118, 121 (2d Cir. 2001) (rejecting original source status to plaintiffs relying on audit findings, even though audit began on plaintiffs' request and on the basis of their initial discoveries); Boese, Civil False Claims and Qui Tam Actions § 4.02 (4th Ed. 2010 & 2018-1 Supp.) ("[A] relator's vague statements to the government about alleged wrongdoing prior to a government investigation and report producing concrete information do not demonstrate direct knowledge of wrongdoing.").

      C.      Leave to Amend

Having already amended once, and in the absence of any alleged personal knowledge by Relator of Defendants' practices, there is no basis to believe that any further amendment would cure the many deficiencies of the AC. Further leave to amend is thus not warranted. *See generally Foman v. Davis*, 371 U.S. 178 (1962).

III.      Motion for Summary Judgment

This Court should not entertain a summary judgment motion from Relator, as it would be premature at this early stage. Although as a "technical" matter, Rule 56 permits filing a motion for summary judgment at any time, "'in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading,'" and courts frequently have denied summary judgment motions on that basis. *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp.3d 173, 188-89 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes on 2010 Amendments). That is particularly so here because, as noted above, Plaza and Tishman have strong grounds for dismissal of the AC on Rule 9(b) grounds, and "[a] district court may enter summary judgment dismissing a complaint alleging fraud if the complaint fails to satisfy the requirements of Rule 9(b)." *E.g.*, *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995).

In any event, a motion for summary judgment by Relator would fail on the merits for reasons independent of Rule 9(b). As already set forth above, the DPAs contain acknowledgments regarding charges of general conspiracy to commit mail and wire fraud, and in no way establish the central element of an FCA violation: the submission of specific, knowing and material false claims to the federal government.[5]

---

[5] By its terms, 31 U.S.C. § 3731 is inapplicable to this case. That provision applies only where there was a "a final judgment rendered in favor of the United States in any criminal proceeding . . . whether upon a verdict after trial or upon a plea of guilty or nolo contendere." But there was no final judgment in the criminal cases at issue as the charges were deferred. *See also United States v. Tishman Constr. Corp.*, No. 15-cr-617, Dkt. 18 (E.D.N.Y. Jan. 12, 2018) (dismissing case with prejudice).

Respectfully submitted,

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP | PAUL HASTINGS LLP |
| By: /s/ Hallie B. Levin<br>Boyd M. Johnson III<br>Hallie B. Levin<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 295-6710<br>boyd.johnson@wilmerhale.com<br>hallie.levin@wilmerhale.com<br><br>Attorneys for Defendant<br>*Tishman Construction Corporation* | By: /s/ Shahzeb Lari<br>Kenneth M. Breen<br>Shahzeb Lari<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 318-6000<br>kennethbreen@paulhastings.com<br>shahzeblari@paulhastings.com<br><br>Attorneys for Defendant<br>*Plaza Construction Corporation* |