UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA *ex. rel.*
BRIAN ARYAI,

      Plaintiff/Relator,

      against.

SKANSKA, TURNER CONSTRUCTION
COMPANY; TISHMAN CONSTRUCTION
CORPORATION, PLAZA CONSTRUCTION
CORPORATION, TISHMAN/WASHINGTON GROUP,
TISHMAN/HARRIS, PHOENIX CONSTRUCTORS,
SLATTERY SKANSKA/EDWARDS &
KELSEY DESIGN-BUILD, HUNTER ROBERTS
CONSTRUCTION GROUP, AND
ABC CORPS., INC. 1-100,

      Defendant.

---

Civil Action No. 09-cv-5456-LGS

**SECOND AMENDED *QUI TAM* COMPLAINT AND JURY DEMAND**

Plaintiff United States of America by and through their relator Brian Aryai, files this Amended *Qui Tam* Complaint against Defendants Skanska, Turner Construction Company, Tishman Construction Corporation, Plaza Construction Corporation, Tishman/Washington Group, Tishman/Harris, Phoenix Constructors, Slattery Skanska/Edwards & Kelsey Design-Build, Hunter Roberts Construction Group, and ABC Corps., Inc., 1—100 (hereinafter "Defendants"), states:

## INTRODUCTION

1.    This is an action to recover damages, civil penalties, other statutory relief on behalf of the United States of America pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. §3729 *et. seq.* ("FCA").

# SUMMARY OF THE ALLEGATIONS

2. Plaintiff/Relator Brian Aryai, a retired Special Agent of the United States Treasury Department, a certified public accountant, and a certified forensic and fraud examiner, was the former Senior Vice President of Finance at Bovis Lend Lease LMB, Inc. ("BLL"). BLL is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects in the New York metropolitan area.

3. Independently, and together, defendants SKANSKA, TURNER CONSTRUCTION COMPANY; TISHMAN CONSTRUCTION CORPORATION, PLAZA CONSTRUCTION CORPORATION, TISHMAN/WASHINGTON GROUP, TISHMAN/HARRIS, PHOENIX CONSTRUCTORS, SLATTERY SKANSKA/EDWARDS & KELSEY DESIGN-BUILD, HUNTER ROBERTS CONSTRUCTION GROUP, AND ABC CORPS., INC. 1-100, knowingly and systematically submitted false and fraudulent payment requisitions to federal, state, and municipal governmental entities. The payment requisitions contained fraudulent and inflated payroll records by including "gratis pay" and "ghost pay" for union workers. Union labor is required on all major construction projects which are funded in whole or part by federal, state, and municipal governmental entities in New York.

4. As part of the scheme to defraud, union foreman routinely submitted two (2) hours per day of overtime to the defendants, despite the fact that the individuals did not work the overtime hours. Defendants knew of this industry wide practice, accepted the fraudulent time records from the union, and then passed those fraudulent time records on to federal, state, and municipal governmental agencies funding the projects.

5. Plaintiff/Relator Brian Aryai, in the course of his employment as Senior Vice President of Finance at BLL discovered these payments and then independently conducted a comprehensive investigation into the union time records and the payment for those fraudulent hours by Defendants. After confirming the payments for the times submitted, Plaintiff/Relator Brian Aryai confronted numerous BLL executives who admitted and confirmed that gratis pay and ghost pay were long standing industry wide practices.

6. Several of the BLL executives confronted by Plaintiff/Relator Brian Aryai had also worked for other Defendants and confirmed that those companies engaged in the practice of knowingly submitting fraudulent payment records to federal, state, and municipal governmental entities who funded construction projects those companies were involved in.

7. Plaintiff/Relator Brian Aryai, as part of his comprehensive investigation, independently and voluntarily went directly to job sites to verify the presence, or lack thereof, of the union employees who were submitting the inflated time records. Through his actions, Plaintiff/Relator Brian Aryai confirmed the absence of the employee on the job for hours which were submitted by the union for payment.

8. Upon discovery and established confirmation of this fraudulent scheme to defraud federal, state, and municipal governmental entities, Plaintiff/Relator Brian Aryai voluntarily provided the accumulated information and results of his investigation to the appropriate federal and state law enforcement and prosecuting agencies. The information was provided to said agencies before the initial Complaint was filed.

9. Based entirely upon the investigation conducted by Plaintiff/Relator Brian Aryai, and the information that was derived therefrom of the industry wide fraudulent practices, a criminal investigation was opened which resulted in prosecution by the United States Attorney's

Office, Eastern District of New York. As set forth in the Deferred Prosecution Agreements and Press Releases which are attached as Exhibits to this Amended Complaint, the United States Government recouped tens to hundreds of million dollars in fines, penalties, and restitution from some of the largest construction companies in the United States, including the named Defendants Plaza Construction, Hunter Roberts Construction Group, and Tishman Construction Corporation. Bovis Lend Lease is no longer a named defendant; it settled the federal FCA case against it with the Federal Government and the Relator.

## JURISDICTION AND VENUE

10. This action arises under the FCA. This court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 31 U.S.C. § 3732(a) because the acts proscribed by the FCA occurred in this District, and Defendants have transacted business in this District.

## PARTIES

12. Plaintiff/Relator, Brian Aryai ("Aryai") is a resident of Tarpon Springs, Florida, and a former Senior Vice President of Finance of a major international construction firm conducting business in the New York Metropolitan area. Aryai is a certified public accountant. certified fraud examiner, and a retired Special Agent of the United States Treasury Department. who is skilled in conducting forensic analyses and fraud investigations.

13. Defendant Turner Construction Company ("Turner") is a corporation with an office located at 666 Third Avenue, New York, New York, and is engaged, *inter alia*, in the business of construction management and general construction. Turner is one of the leading general builders in the United States has been the general contractor and/or construction manager

on a number of federally funded projects, in whole or in part, in the New York Metropolitan area, including the Atlantic Avenue MTA Station Rehabilitation Project (Brooklyn). A representative sampling of governmentally funded construction projects performed by Turner is attached as Exhibits A and K.

14. Defendant Skanska is a multinational construction company with headquarters located in Sweden and has an office located at 136 Madison Avenue, New York, New York. Skanska is the sixth largest construction company operating in the United States and Skanska has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York Metropolitan area including the World Trade Center Transportation Hub. A representative sampling of governmentally funded construction projects performed by Turner is attached as Exhibit B.

15. Defendant Plaza Construction Corporation is a corporation with an office located at 260 Madison Avenue, New York, New York and is engaged, *inter alia*, in the business of construction management and general construction. Plaza is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York Metropolitan areas. A representative sampling of governmentally funded construction projects performed by Plaza is attached as Exhibit C.

16. Defendant Tishman Construction Company ("Tishman") is a corporation with its headquarters located at 102 N. End Avenue, New York, New York and is engaged, *inter alia*, in the business of construction management and general construction. Tishman is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New

York Metropolitan area including One World Trade Center, East River Science Project, and Grand Avenue Bus Depot and Maintenance Project. A representative sampling of governmentally funded construction projects performed by Tishman is attached as Exhibits D and K.

17. Bovis Lend Lease, LMB, Inc. ("BLL") is a corporation with offices located at 200 Park Avenue, New York, New York, and is engaged *inter alia* in the business of construction management and general construction. BLL is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York metropolitan area, including World Trade Center Memorial and 130 Liberty Street. BLL has settled it federal FCA case with the United States and Aryai.

18. Defendant Tishman/Washington Group is a joint venture comprised of Tishman Construction Corporation and the Washington Group. Tishman/Washington Group was the construction manager of the Grand Avenue Bus Depot Project.

19. Defendant Tishman/Harris is a joint venture comprised of Tishman and Frederick R. Harris. Tishman/Harris was the general contractor on the Whitehall Ferry project.

20. Defendant Phoenix Construction is a joint venture of Skanska, Fluor Enterprises, Inc., Granite Construction Corporation, and BLL. Phoenix is the construction manager/general contractor on the WTC Transportation Hub project.

21. Defendant Skanska/Edwards & Kelsey Design—Build ("Skanska/Edwards") is a joint venture comprised of Slattery Corporation, Skanska USA Civil, Inc., and. Edwards & Kelsey. Slattery Skanska/Edwards is the construction manager on the Arch Street Yard and Shop Project. See attached Exhibit K.

22. Defendant Hunter Roberts Construction Group is engaged *inter alia* in the business of construction management and general construction. Hunter Roberts is one of the leading general builders in the United States and has been the general contractor and/or construction manager on a number of federally funded projects, in whole or in part, in the New York metropolitan area. A representative sampling of governmentally funded construction projects performed by Hunter Roberts is attached as Exhibit E.

23. Defendants ABC Corporations 1—100 are companies engaged in the business of construction management and/or general construction and who knowingly submitted fraudulent payroll amounts to a governmental entity for payment.

## **ALLEGATIONS**

24. Defendants are major construction companies who dominate the multibillion dollar construction market in the New York metropolitan area. Virtually all of their major construction projects are funded by state, municipal, or federal monies, and union labor is a requirement of their contracts.

25. Unions supply the labor for the projects in issue and union payroll records are routinely submitted to Defendants for payment. After receiving the payroll records, Defendants then submit certified payroll records for payment to a federal, state, and/or municipal government entity.

26. For decades there has existed in the construction industry in New York metropolitan area, the practice of billing for work not performed by union members. Among other variations on this theme, union foreman routinely submitted two (2) hours per day of overtime as part of their remuneration, despite the fact that the individuals did not work the overtime hours. This longstanding and widespread practice was well known to Defendants, and

7

they knowingly accepted these fraudulent time records from the union and then incorporated those fraudulent time records into certified payroll reports forming the basis of payment on the project. This practice has long been referred to as "gratis pay" and Defendants have paid for these "ghost hours" and then recouped these monies from federal, state and local government funds.

27. In addition to the two (2) hours of gratis pay which the union foreman received for these ghost hours, the union itself received fringe benefits in the amount of 40% to 50% of the amount paid to every foreman which also was well known to Defendants who recouped these monies from federal, state, and/or local government funds.

28. The International Union of Operating Engineers Local 14-14B provides an annuity plan, which provides an extra retirement benefit to members who have worked in the construction industry. Local 14 also provides pension benefits to qualifying retirees. Local 14 also provides members and their families with medical, hospital, death, prescription drug, dental and vision benefits. Local 14 Fringe Benefits Funds are located at 141-57 Northern Blvd, Flushing, NY 11354. Moneys fraudulently paid for overtime hours that were never worked funded part of these benefits. Local Unions are co-conspirators with Defendants in the gratis pay scheme.

29. Mason Tenders District Council of Greater New York and Long Island Local 79 is a labor union. It has nearly 15,000 members including construction workers, asbestos and hazardous materials handlers, recycling and waste handlers. Local 79, like Local 14, provides benefits that are funded in part by the fraudulent overtime scheme.

30. The New York City District Council of Carpenters and Joiners of America Local 1536 is comprised of eight Locals with 25,000 union members. Union members are carpenters,

millwrights, dock builders, marine divers, core drillers, timbermen, cabinetmakers, floor covers and industrial workers. Local 1536, like Locals 14 and 79, provides benefits that are funded in part by the fraudulent overtime scheme.

31. On or about April 7, 2008, Plaintiff/Relator Brian Aryai commenced his employment as Senior Vice President of BLL. Prior to accepting that position, Plaintiff/Relator discussed issues within BLL concerning transparency and financial reporting. In the course of his employment at BLL, Plaintiff/Relator Brian Aryai performed a comprehensive investigation into the financial reporting regarding federal, state, and municipal funded projects and discovered a longstanding systemic fraudulent union payroll practice which was on going. Plaintiff/Relator Brian Aryai independently verified and confirmed that these practices were being undertaken by BLL in connection with construction projects in the New York metropolitan area.

32. Every governmentally funded construction project requires general contractors and all subcontractors to submit certified payroll records. For example, the City of New York Office of the Comptroller Bureau of Labor have standardized payroll reports. Certified payroll reports are to be submitted with requisitions for payment. The certified payroll forms serve several purposes and contain important information material to the governmental entity funding the construction project. The payroll report shows the base rate of pay per hour, which base rate must be the prevailing wage rate for the particular type of work performed by laborers, *e.g.*, carpentry.

33. In addition, the certified payroll identifies the name, address, and last for digits of the social security number of the worker. The form identifies the trade and classification of each worker, *e.g.*, electrician and journeyman or foreman. The form shows the hours worked each

9

day both regular hours and overtime hours. The form shows total hours worked, base rate of pay per hour, total base pay, and rate per hour. The form shows supplemental benefits paid to an identified union its address, phone number, contract registration number, job code, pay period, project name and location, tax identification number and the responsible/funding agency.

34. The certified payroll report contains a certification which, varying somewhat by agency, states: "This certified payroll has been prepared in accordance with the instructions contained on the reverse side of this form. I certify that the above information represents wages and supplemental benefits paid to all persons employed by my firm for construction work on the above project during the period shown. I understand that falsification of this statement is a punishable offense." The certification is signed by an authorized officer of the contractor or subcontractor, dated, and submitted to the responsible funding governmental agency.

35. Upon confirmation of the continued and ongoing fraudulent payroll practice that was being perpetrated by BLL, Plaintiff/Relator Brian Aryai emailed and spoke with numerous company executives at BLL, who admitted that the gratis pay practice was a longstanding industry wide practice and that BLL and the other construction companies and general contractors routinely submitted payment requisitions on publicly funded projects which contained fraudulent payroll records. Several of these BLL employees had previously been employed with other construction companies including Defendants and had knowledge that those Defendants were engaged in this industry-wide practice.

36. Plaintiff/Relator Brian Aryai further independently established that during the course of each project, Defendants had systematically submitted false and fraudulent payment requisitions that contained fraudulent and inflated payroll records by including gratis pay, and ghost hours for union workers. His investigation revealed that there were at least fifty (50) union

10

employees and foremen who were receiving gratis pay. Pursuant to the contracts applicable to each project, Defendants submitted those fraudulent certified payroll records on a regular and periodic basis to federal, state, and/or municipal entities knowing that the governmental entities rely upon those certified payroll records to issue payment on the projects.

37. In the diligent performance of his responsibilities as Senior Vice President of Finance at BLL, Plaintiff/Relator Brian Aryai visited job sites and verified that the union workers were not present and yet union payroll requisitions were submitted to and paid by BLL for the falsely reported additional hours. Those payroll records were then submitted to federal, state, and/or municipal entities funding the projects.

38. As Controller at Bovis Lend Lease, Aryai had primary oversight authority over the certified payroll, which is how he discovered the systemic overtime fraud. After Aryai collected information that led him to suspect that the hours on the certified payroll may be falsified, he conducted his own investigation and determined conclusively that ALL foremen and certain other favored tradesmen were paid the fraudulent overtime on a daily basis.

39. Aryai also determined that the named Defendants, which used the same union labor, also submitted certified payroll bearing the added fraudulent hours. Both John Voci and Frank Hyers, bother Senior Executives a Bovis Lend Lease specifically admitted to Aryai that the practice was in place due to a silent agreement with the unions and that the companies named as Defendants, in addition to Bovis Lend Lease, also engaged in the practice.

40. Aryai's investigation entailed numerous interviews of tradesmen, the results of which formed a basis for the discovery and corroboration of the fraud. In these interviews, Aryai showed foremen and others who were fraudulently paid copies of the certified payroll from

various projects and these tradesmen admitted that the addition of two (2) unworked hours was the standard procedure applied in preparation and submission of all certified payrolls.

41. In October 2008, Aryai personally visited the World Trade Center Transit Hub construction site and after reviewing certified payrolls, interviewing foremen, and surveillance of the site, he confirmed that the gratis pay scheme was in place there. After conducting these investigative steps, Aryai met with Steven Sommer, a fellow Bovis Lend Lease Senior Vice President, who confirmed the that the foremen at this Joint Venture were all paid fraudulent gratis pay regardless of which Joint Venture member put and paid the foremen at work. The members of the Joint Venture consisted of Skanska, Bovis Lend Lease, Flour Enterprises, and Granite Northeast.

42. During the course of his independent investigation, Plaintiff/Relator Brian Aryai notified BLL executives that the ongoing practice was illegal and that it should be ceased immediately in order to reduce exposing the company to criminal prosecution. Plaintiff/Relator Brian Aryai was assured by BLL executives, after he directed the company to cease the illegal practice of gratis pay and ghost pay, that the company would continue to pay the union employees for gratis pay or ghost pay directly from BLL funds without submitting the fraudulent payroll records to federal, state, and/or municipal government entities for repayment, thus not exposing the company to further criminal violations. Plaintiff/Relator Brian Aryai then learned that BLL executives, including the Managing Director of BLL's New York office, devised a scheme whereby the BLL Payroll Manager, who was under the direct supervision of Plaintiff/Relator Brian Aryai, continued the fraudulent billing practice and false submissions to federal, state, and municipal governmental agencies.

43. On or about January 22, 2009, after fully apprising BLL executives of the fraudulent practice of submitting fraudulent certified payroll records which were known to the Defendants to be false and inaccurate to federal, state, and/or municipal government agencies with the intent to obtain payment based upon the false and inaccurate union payroll, Plaintiff/Relator Brian Aryai was terminated from his position at BLL.

44. Shortly prior to his termination, Plaintiff/Relator spoke to executives for several of Defendants, including but not limited to Plaza Construction, James Rosenthal, the former CFO of Tishman Construction, and Mike McNally at Skanska. On these telephone calls, Plaintiff/Relator's counterparts verbally confirmed their respective companies' past, current, and future involvement and participation in the gratis pay scheme. Two of the executives from Plaza and Tishman both warned Plaintiff/Relator to avoid asking questions about the practice.

45. On or about February 6, 2009, Plaintiff/Relator Brian Aryai personally and voluntarily provided a comprehensive report of his independent investigation into the fraudulent practices and false claims to the former United States Attorney for the Eastern District of New York, Loretta E. Lynch. Plaintiff/Relator Brian Ayrai also recommended the prosecution of the defendants at the Eastern District of New York. United States Attorney Lynch subsequently personally oversaw the prosecutions based upon the information provided by Plaintiff/Relator Brian Aryai.

46. In his report, Plaintiff/Relator expressly stated that, during the course of his independent investigation, three separate high-ranking BLL employees verified to him the industry-wide nature of the "gratis pay" scheme.

47. For instance, John Hyers, a BLL superintendent, informed Plaintiff/Relator that the "gratis pay" scheme was a practice that went back at least twenty-five (25) years in the New

York metropolitan area, and that all construction companies using union labor participated in the scheme to pay "padded" overtime to union employees.

48. Another BLL superintendent, Dennis Prude, similarly acknowledged the existence of the "gratis pay" scheme and admitted the practice was a longstanding one amongst all the major construction companies operating in the New York metropolitan area.

49. In addition, Frank Voci, a senior vice president at BLL, confirmed the existence and widespread prevalence of the "gratis pay" scheme both at BLL as well as the other major New York area construction companies.

50. In early June 2010, Aryai met then United States Attorney Loretta Lynch near her office at Cadman Plaza. Among other things, Lynch and Aryai discussed the progress of the investigations into the gratis pay overtime fraud. At that meeting Lynch confirmed Aryai's investigative findings that the gratis pay overtime fraud was indeed an industry-wide practice. During this same conversation, Lynch stated that the fraud was so pervasive and that the companies Aryai had referred to her for prosecution and the prosecution had required extensive resources that the roll-out of indictments would be staggered probably over several years. Also in that same conversation, Lynch and Aryai had an exchange of comments about how the United States Attorney's own Office in the Eastern District of New York and the United States Courthouse in Brooklyn was renovated in a major construction project with the gratis pay fraudulent overtime scheme.

51. On or about June 12, 2009, Plaintiff/Relator Brian Aryai filed under seal the original Qui Tam Complaint and Jury Demand in the Southern District of New York.

14

52. On April 24, 2012, the United States Attorney's Office for the Eastern District of New York filed criminal fraud charges against BLL and James Abadie, the former principal in charge of BLL's New York Office. Based on the information and substantial assistance provided by Plaintiff/Relator, Abadie pled guilty to conspiracy to commit mail and wire fraud based upon the information provided by Plaintiff/Relator Brian Aryai, while BLL admitted to the participating in the gratis pay practice and entered into a Deferred Prosecution Agreement, the contents of which are incorporated herein by reference and attached hereto as Exhibit F.

53. Subsequently, the United States Attorney's Office in the Eastern District of New York, based upon the information provided by Plaintiff/Relator Brian Aryai, entered into a Deferred Prosecution Agreement with Tishman Construction whereby it admitted to falsely representing and making materially misleading statements and omissions in billing requisitions to the federal government. A copy of this this Deferred Prosecution Agreement is incorporated herein by reference and attached hereto as Exhibit G.

54. On October 13, 2016, following a federal investigation and the initiation of criminal prosecution, the United States Attorney's Office in the Eastern District of New York entered into a Deferred Prosecution Agreement with defendant Plaza Construction based upon the information provided by Plaintiff/Relator Brian Aryai regarding the systemic and industry-wide false and fraudulent billing practices on government funded projects. This Deferred Prosecution Agreement is incorporated herein by reference and attached hereto as Exhibit H.

55. Similarly, following a federal investigation and the initiation of criminal prosecution based upon the information provided by Plaintiff/Relator Brian Aryai, the United States Attorney's Office in the Eastern District of New York entered into a Deferred Prosecution Agreement was entered into with another New York construction company, Hunter Roberts

Construction Group, which similarly admitted to falsely representing and making materially misleading statements and omissions in billing requisitions to the federal government. A copy of this Deferred Prosecution Agreement is incorporated herein by reference and attached hereto as Exhibit I.

56. Expressly based on the information provided by Plaintiff/Relator, the United States Attorney's Office in the Eastern District of New York continues to investigate the billing practices of the remaining Defendants. *See* U.S. Attorneys' Office press releases, incorporated herein by reference and attached hereto as part of Exhibits F, G, H, & I**.**

## **COUNT I**

## **VIOLATIONS OF THE FALSE CLAIMS ACT**

57. Each of the foregoing allegations is realleged and incorporated hereby.

58. As described in this Second Amended *Qui Tam* Complaint, Defendants by and through their officers, agents, and employees: (i) knowingly presented, or caused. to be presented false or fraudulent claims for payment or approval; (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; and (iii) conspired to commit a violation of the False Claims Act. 31 U.S.C. § 3729(a)(1)(A), (B), & (C).

59. The United States Government and the public have been damaged as a result of Defendants' violations of the FCA.

## **COUNT II**

60. The allegations contained above are realleged and incorporated by reference as if fully set forth herein.

61. The ABC Defendants are other construction and/or construction management companies which performed work on federally funded projects in the New York Metropolitan Area, and who submitted payment requisitions or documents which contained gratis pay, ghost hours, or other false and inaccurate certified payrolls.

62. The ABC Defendants knowingly and intentionally made or caused to be made false statements and false claims in numerous payment requisitions to the United States Government, in violation of the Federal False Claims Act, 31 U.S.C. §3729 et. seq.

WHEREFORE, Plaintiff/Relator Brian Aryai on behalf of the United States Government, prays:

(i) That this Court enter a judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained as a result of Defendants' violations of the False Claims Act;

(ii) That this Court enter a judgment against Defendants for a civil penalty of a $11,000.00 for each of Defendants' violations of the False Claims Act;

(iii) That Relator Brian Aryai recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(iv) That Relator Brian Aryai be awarded all reasonable attorneys' fees and costs in bringing this action;

(v) That in the event the United States Government intervenes in this action, Relator Brian Aryai be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of the action;

(vi) That in the event the United States Government does not proceed with this action, Relator Brian Aryai be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of the action; and

(vii) That Relator Brian Aryai and the United States of America receive all relief to which either or both may be entitled at law or in equity.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

                                                Joseph G. Sconzo, Esq.*
PGA Financial Plaza
3399 PGA Boulevard, Suite 180
Palm Beach Gardens, FL 33410
josephsconzolaw@gmail.com

Joshua L. Weiner, Esq.**
BUDD LARNER, PC
150 John F. Kennedy Pkwy
Short Hills, NJ 07078
Tel.:   973-379-4800
Fax.:  973-379-7734
jweiner@buddlarner.com

Robert W. Sadowski, Esq.
SADOWSKI KATZ LLP
830 Third Avenue, 5th Floor
New York, New York 10022
Tel.: (646) 503-5341
rsadowski@sadowskikatz.com

*Attorneys for Plaintiff/Relator*

By:   s/Robert W. Sadowski

Dated: April 11, 2018                              Robert W. Sadowski

*Pro Hac Vice*

**Local Counsel*